UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 OCT 11  A 9:5:

U.S. DISTRICT COURT
DISTRICT ( MASS.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 05-10134-JLT |
| | ) | |
| PONNUDURAI GUNARAJASINGAM | ) | |

## DEFENDANT PONNUDURAI GUNARAJASINGAM'S
## RECOMMENDATION FOR SENTENCING,
## SUPPORTING MEMORANDUM AND,
## MOTION FOR DOWNWARD DEPARTURE

NOW COMES the defendant, Ponnudurai Gunarajasingam, by and through his

undersigned counsel and motions this Honorable Court to grant a downward departure o

three levels under the authority of 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0., and impo :

the following sentence at the disposition Hearing scheduled to he held on October 13, 2C0 .

## SENTENCING RECOMMENDATION

The defendant respectfully recommends that the following sentence be imposed

1. Probation for a period of two years, the first twelve (12) months  ?
   which shall be served in Home Detention ;

2. A fine in the amount of $ 10,000.00; and,

3. Two hundred (200) hours of community service.

-1-

Cr. No. 05-10134-JLT
Defendant's Sentencing Memorandum

The following is submitted in support of the defendant's departure motion and sentencing recommendation.

## FACTS

On August 4, 2005 the defendant entered pleas of guilty to two (2) counts of tax evasion (26 U.S.C. § 7201). The charges were with respect to his jointly filed individua income tax returns for the calender years 1994 and 1995. Each plea was accepted by the Court, the defendant was released on personal recognizance and sentencing was schedu l l for October 13, 2005 at 10:00 a.m.

The charges arose from the defendant's failures to supply his respective income t return preparers with information sufficient to enable them to prepare truthful and corre returns for the calendar years 1994 and 1995. His failures in this regard caused income fr his wife's dental practice(s) to be omitted from each of the 1994 and 1995 returns. Th omissions from gross income caused each return to understate its taxable income an consequently, its correct tax liability.

The parties have entered into a written plea agreement. For sentencing purposes, I defendant will take the position that the total tax loss is more than $ 23,500.00 but is no more than $ 40,000.00.

-2-

Cr. No. 05-10134-JLT
Defendant's Sentencing Memorandum

Based upon the amount of the admitted tax loss, the defendant's *Base Offense Le el*
is 12. *(U.S.S.G. §§ 2T1.1 and 2T4.1)*. In her PSR, the probation officer determined tha 1 e
defendant is entitled to a two-level reduction for his prompt admission and acceptance f
responsibility *(U.S.S.G.§ 3E1.1(a)*. Thus, the defendant's position at sentencing will be tl it
his *Total Offense Level* is 10.

The Probation Officer also determined, in her PSR, that the defendant's *Crimi l*
*History Category* is I. A *Total Offense Level* 10, with a *Criminal History Category* I
places the defendant within Zone B of the Sentencing Table. The Sentencing Table refle s
that the Guideline Range is 6 to 12 months. *U.S.S.G. § 5(C)1.1©)(3)* provides that
"if the applicable guideline range is in Zone B ..., the minimum term may be satisfied
by - a sentence of probation that includes a condition ... [substituting]... home detentior 1 r
imprisonment ..."

The Government's position at sentencing will be that the total tax loss is $ 68,873 ( .
A tax loss in that amount results in a *Base Offense Level* of 13. The two-level reductio 1
for acceptance of responsibility would result in a *Total Offense Level* of 11. A *Total Offei ?*
*Level* 11, with a *Criminal History Category* I would place the defendant within Zone C f
the Sentencing Table. The Sentencing Table reflects that the Guideline Range would be 3 )
14 months. *U.S.S.G. § 5(C)1.1(d)(2)* provides that "if the applicable guideline range is 1
Zone C ..., at least one-half the minimum term [be] satisfied by imprisonment." Nonvio ( t

-3-

Cr. No. 05-10134-JLT
Defendant's Sentencing Memorandum

offenders who receive a sentence of imprisonment of approximately one year or less, w o

have no pending criminal matters and no pending INS matters and, have not committed a y

prior serious crimes may be designated by the Bureau of Prisons to serve their sentences f

imprisonment at a Half-Way House. To be eligible to receive such a designation, the Co t

would have to specifically express, in its Judgment and Commitment Order, s

recommendation that the defendant serve his or her sentence at a Half-Way House.

At an Offense Level 10, the defendant is subject to a fine in an amount not less th 1

two thousand dollars ($ 2,000.00) and not more than twenty thousand dollars ($ 20,000. )( .

U.S.S.G.§§ 5E1.2.(a) and (c). Additionally, the defendant is subject to a total Spe: 1

Assessment in the amount of one hundred dollars ($ 100.00) [$ 50.00 for each coun ]

pursuant to 18 U.S.C. § 3013.

Should the Court impose a sentence of imprisonment of more than one year, t :

defendant will be required to be placed under supervised release for a period of time not le 5

than two years and not more than three years. (U.S.S.G. §§ 5D1.1.(a) and 5D1.2.(a)(2))

## LAW AND ARGUMENT

    a.    <u>The amount of the tax loss</u>

    (i.)    As recited above, the defendant admitted to a total tax loss in an amount

between $ 23,500.01 and $ 40,000.00. In his plea, he did not admit to any amount great(

-4-

Cr. No. 05-10134-JLT
Defendant's Sentencing Memorandum

than $ 40,000.00. On the other hand, the government's position is that the total tax loss is more than $ 40,000.00 but is not more than $ 70,000.00.

In view of the government's position, the undersigned orally advised the Court, through its Clerk, on October 5, 2005 that an evidentiary hearing, lasting less than one hour, will be necessary.

     (b)    The Government's representations regarding 1993

The plea agreement in this case was the result of lengthy negotiations interspersed with periods of deliberation. Early in the process, the defendant identified an issue important to him. That issue was whether the government was considering the calendar year 1993 to be a so-called "relevant conduct" year. It was important to the defendant because it was his opinion that it had, or could have, a significant impact on the amount of the tax loss.

On their 1993 federal income tax return, the defendant and his wife reported an over all net operating loss in the amount of $ 122,540.00. In accordance with various provisions of the *Internal Revenue Code,* that 1993 loss was carried forward and claimed as a deduction on their 1994 return.

As part of its investigation, the IRS examined the 1993 return. In connection with that examination, the IRS posited that the defendant and his wife omitted income in the amount of $ 136,843.00. The amount of the amount of the additional income exceeded the amount of the previously stated loss for that year ($ 136,843.00 - $ 122,540.00). The IRS' position

Cr. No. 05-10134-JLT
Defendant's Sentencing Memorandum

after its examination, was that the correct amount of the 1993 loss was $ 6,894.00.

The government did not charge the defendant with any criminal wrongdoing w  1
respect to his 1993 jointly filed return.

Also as part of its investigation, the IRS examined the defendant's and his wife's 19  4
return. The originally computed 1993 loss in the amount of $ 122,540.00 had been carri  d
forward and claimed as a deduction on the defendant's and his wife's 1994 return. Based  1
the results of its examination of the 1993 return, the IRS disallowed the carried forward lc s
in its entirety - $ 122,540.00.[1]

The disallowance of the 1994 net operating loss carryforward deduction, coupled wi  1
other adjustments, resulted in the defendant and his wife having taxable income in t  ;
amount of $ 70,145.00 for that year. Based on that amount of taxable income, the IRS h  ;
calculated their tax liability for that year to be $ 14,695.00. If the IRS had not disallowed t  ;
net operating loss carryforward deduction, their corrected tax liability for 1994 would be
$ 0.00. (Attached hereto as 'Schedule 1' is a spreadsheet reflecting the above in quantita i  ;
terms).

Since the defendant was not charged with any criminal wrongdoing for 1993, it is h  ;
position that 1993 must be found to be a 'relevant conduct' year in order for there to be  i

_____

[1] The IRS disallowed the loss in its entirety even though it had calculated that the
correct amount of the 1993 loss was $ 6,894.00; not $ 0.00.

-6-

Cr. No. 05-10134-JLT
Defendant's Sentencing Memorandum

criminal tax loss for 1994.

Undersigned counsel began discussing this issue with government counsel[2] early in the case. In a letter dated April 23, 2004 (a true and complete copy of which is attach d hereto as 'Exhibit A'), transmitting a draft plea agreement, government counsel referred to our discussions on that issue. Other draft agreements were sent in July 2004 and November 2004. None of those agreements were signed. On February 18, 2005, government counsel again wrote to the undersigned. In his letter, government counsel stated, "For criminal purposes, there is no relevant conduct from tax year 1993 to include in the total tax loss for sentencing." (A true and complete copy of government counsel's letter dated February 1 , 2005 is attached hereto and marked as 'Exhibit B'). Undersigned counsel showed the let to the defendant, and discussed it with him. Based, in substantial part, on governme counsel's representation regarding 1993 not being a relevant conduct year, the defenda signed the Plea Agreement filed in this case.

Since the defendant placed significant weight on the government's representation, a r relied upon the representation in signing the plea agreement, he urges and implores this Cou to require the government to live by its word, and find that any tax loss resulting from a r adjustments to the 1993 return are not part of the "criminal tax loss" for purposes

---

[2] Those discussions were had with D.O.J. Attorney Scott A. Lawson. Mr. Lawson was the attorney in charge of this matter until September 23, 2005. On that date he was activated by the Army Reserves for a period of one year.

Cr. No. 05-10134-JLT
Defendant's Sentencing Memorandum

sentencing in this case.

    c.    Other considerations

Should the Court not be persuaded that, based upon the 'tax loss' calculatic ,
the correct sentencing level is 10, the Defendant respectfully requests that the Court de x t
downward *one level*, and impose a sentence within that guideline range.

Following the Supreme Court's decision in *United States v. Booker*, 125 S. ( .
738 (2005), courts are no longer required to sentence defendants in accordance with t  
ranges set forth in the *United States Sentencing Guidelines*. Sentencing judges, howev  
"must still consult those Guidelines and take them into account when sentencing." *Id.* at 76 .
And, sentences imposed must still be reasonable. *Id.* at 765.

Given the enormous psychological price the defendant has already paid, wh i  ii
price has been culturally derivative; his unusual daily devotion to his mother-in-law; tl  
potential adverse impact on his wife's employees and patients; and, the closeness of the t  
loss calculation, it is respectfully submitted that a one level downward departure is b  ii
appropriate and reasonable.

Should the Court determine that the requested departure is appropriate, tl  
defendant respectfully submits that his sentencing recommendation adequately addresses  .
of the factors of 18 U.S.C. § 3553(a)(2).

-8-

Cr. No. 05-10134-JLT
Defendant's Sentencing Memorandum

**WHEREFORE**, the Defendant respectfully requests that this Honorable Court

grant his Motion based upon a finding that his correcting sentencing level is 1 .

*Alternatively,* he respectfully requests that the Court grant his motion for a one level

downward departure and, that the Court adopt and impose the sentencing recommendation

set forth herein.

                                        Respectfully submitted,
                                        Ponnudurai Gunarajasingam
                                        by his attorney

Dated: _____         _____

                                        Paul J. Dee, Jr.
                                        B.B.O. No. 117840

                                        Truelove, Dee & Chase, LLP
                                        268 Summer Street
                                        Boston, Massachusetts 02211
                                        Tel. (617) 357-0808

-9-

Cr. No. 05-10134-JLT
Defendant's Sentencing Memorandum

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing DEFENDANT PONNUDURA
GUNARAJASINGAM'S RECOMMENDATION FOR SENTENCING, SUPPORTIN
MEMORANDUM AND, MOTION FOR DOWNWARD DEPARTURE, includ r
'Schedule 1,' but not including Exhibits A and B, was served upon Counsel for the Unit
States, Karen E. Kelly, Esq., on October 10, 2005 via electronic mail addressed to her at
karen.e.kelly@usdoj.gov.

Paul J. Dee, Jr.

GUNNARAJASINGAM

SENTENCING MEMORANDUM

| | 1993 PRE - IRS EXAM | 1993 POST - IRS EXAM | 1994 PRE - IRS EXAM | 1994 POST - IRS EXAM |
|---|---|---|---|---|
| NET OPERATING LOSS ON RETURN | 122,540 | 6,894 | | |
| NET OPERATING LOSS DEDUCTION ON RETURN | | | 122,540 | 0 |
| TAXABLE INCOME ON RETURN | | | -206,427 | 70,145 |
| TAX | | | 0 | 14,695 |
| WITHOUT DISALLOWANCE OF NET OPERATING LOSS DEDUCTION | | | | |
| TAXABLE INCOME ON RETURN | | | | -52,395 |
| TAX | | | | 0 |



**U.S. Department of Justice**

In this da

FILED
H. CLERKS OFFICE
*Northern Criminal Enforcement Section*

2005 OCT 11  A 9: 52

U.S. DISTRICT COURT
DISTRICT OF MASS

April 23, 2004

Via Telefax to (617) 357-0909
Paul J. Dee, Esq.
Truelove, Dee & Chase, LLP
268 Summer St.
Boston, MA 02210

### Re: United States v. Ponnudaurai Gunarajasingam

Dear Paul:

As we discussed on the telephone last week, enclosed is a draft plea agreement which remov
any discussion of an agreed upon tax loss for sentencing. Please note that this is a draft document
subject to change upon review by the U.S. Attorney's Office.

You had asked if I was willing to review whether or not the disallowance of the net operating
loss should be included in the calculation of criminal tax loss. I have not made any decisions on th a
issue and have not yet discussed it with the IRS. I would like to take your client's plea first, and then
have you present the government with a written explanation as to why the NOL should not be include
in the criminal tax loss.

I am also enclosing another extension of the statute of limitations, as the current one expires a
the end of this month. Please fax a signed copy back to me early next week and call me in Washing t
at 202.514.5164 should you have any questions or comments.

Encl.
as

Sincerely,

Scott Lawson
Trial Attorney

Exhibit A



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 18, 2005

Paul J. Dee, Esq.
Truelove, Dee & Chase, LLP
268 Summer St.
Boston, MA 02210

## Re: <u>United States v. Ponnudaurai Gunarajasingam</u>

Dear Paul:

I have been reviewing this matter again as I prepare a new plea agreement as a result of changes made to the standard agreement in light of the recent <u>Booker</u> decision.

After reviewing the tax loss numbers with Special Agent Bellingreri, we determined that we could reasonably resolve the matter with a tax loss - for criminal purposes only - of approximately $68,000 for tax years 1994 and 1995. After acceptance of responsibility, this would result in a level 11 under the 1995 Guidelines, which calls for a Zone C sentencing range of 8-14 months.

I believe that our earlier discussions had involved a tax loss in excess of the next threshold ($70,000) on the tax table. For criminal purposes, there is no relevant conduct from tax year 1993 to include in the total tax loss for sentencing. Please let me know if this information changes your position on the sentencing calculus to be included in the plea agreement. I have enclosed a new *draft* plea agreement for your review.

$Exhibit 'B'$

Case 1:05-cr-10134-JLT   Document 6   Filed 10/11/2005   Page 14 of 14

    Also enclosed is another tolling agreement of the statute of limitations. Please return t ›
me by fax to 202.616.1786.

    I look forward to discussing this with you and resolving this matter soon.

Encl.
as

Sincerely,

Scott Lawson
Trial Attorney
(202) 514-5164