UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN CLERKS OFFICE

2005 DEC -5 P 1:21

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 05-10134-JLT |
| v. | ) |
| | ) |
| PONNUDAURAI GUNARAJASINGAM | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE

The government submits this memorandum in connection with sentencing in the above matter, which is currently scheduled for sentencing on Thursday, December 8, 2005 at 11:30 a.m. This case was originally scheduled for sentencing on October 13, 2005. Accordingly, the United States filed the Government's Sentencing Memorandum and Exhibits on October 7, 2005. The Defendant filed his Recommendation for Sentencing, Supporting Memorandum and Motion for Downward Departure on October 10, 2005. Thereafter, the October 13th Sentencing was rescheduled for November 29th, 2005. On November 28th the Sentencing was continued by Emergency Motion to December 8, 2005. Accordingly, in an effort to expedite the hearing presently scheduled for December 8, the Government files this Reply to the Defendant's request for Downward Departure.

I.   Argument

The defendant seeks a downward departure from the Sentencing Guidelines, pursuant to 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0 citing an alleged "enormous psychological price" to the defendant, an "unusual" daily devotion to his mother-in-law, and the "potential adverse

impact" on his wife's employees and patients.

Pursuant to *United States v. Booker*, 125 S.Ct.738 (2005), sentencing judges "must still consult the Guidelines" in setting sentences in criminal cases. According to the Guidelines, family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. In fact, family responsibilities are in general a disfavored ground for a downward departure under the Guidelines.

For a family circumstance to justify a departure from the Guidelines, it must be "extraordinary." The First Circuit has gone so far as to require that the defendant be found to be "irreplaceable" before he qualify for consideration of a departure based upon family circumstances. *United States v. Pereira*, 272 F3d. 76 (1st Cir. 2001) (time consuming family responsibilities were not enough, even when both parents were facing incarceration *citing United States v. Carr*, 932 F.2d 67 (1st Cir. 1991); *United States v. Thompson*, 234 F.3d 74 (1st Cir. 2000); *United States v. Rushby*, 936 F.2d 41 (1stCir. 1991)(Not sufficient for a departure where the defendant's incarceration would lead to the placement of three children under the age of four, including one who was being breast fed, into foster care.)

In this case, the allegations that the defendant enjoys an unusual daily devotion to his mother-in-law is plainly insufficient to merit consideration of a departure. In this case, the defendants' wife is not incarcerated. She is, in fact, a practicing dentist who earns a substantial income. She is available to care for her own mother. There is no evidence to believe that the wife of the defendant is incapable of providing devotion to her own mother, and if she is unable to do so, there is no evidence that the wife of the defendant is unable to hire a professional service to provide the necessary care to her mother. Accordingly, the defendant has not come

2

close to demonstrating that he is irreplaceable, and is not eligible for consideration for a downward departure based upon his alleged devotion to his mother in law.

The defendant further alleges that he should be considered for a downward departure based upon the potential adverse impact on his wife's employees and the dental patients of the dental practice. The Government is at a loss as to what "potential adverse impact" could result to the dental practice and the dental patients of the dental practice, as the defendant never practiced dentistry at the practice, and merely collected the money from the patients. In any event, the Guidelines do not recognize such an attenuated hypothetical potential pecuniary loss as a basis for consideration of a downward departure.

The defendant further alleges that he should be considered for a downward departure based upon an "enormous psychological price" that the defendant has allegedly paid. The Government can only assume by this that the defendant is referring to the potential shame that may accompany the publicity attendant to entering a plea of guilty to a federal indictment. Many defendants, and their families, suffer embarrassment after they are caught for criminal conduct. This feeling of embarrassment and shame is certainly not sufficient to separate this defendant from other similarly situated defendants, and certainly does not merit consideration for a downward departure.

Finally, the defendant requests a downward departure as a means of resolving the alleged tax loss dispute. The Guidelines simply do not permit the resolution of tax loss issues through the use of downward departures.[1]

---

[1] In fact, the Guidelines specifically address the issue of resolution of tax loss, where a final tax loss is difficult to determine the USSG propose 28% of the gross unreported income, a calculation that, in this case, would result in a substantially higher sentence for this defendant.

3

## CONCLUSION

For the reasons noted above, the United States respectfully requests the Court deny the defendant's Motion for a Downward Departure and sentence the defendant, Ponnudurai Gunarajasingam to a term of imprisonment at offense level 11, followed by a period of supervised release, a fine in the range of $6,000 to $60,000 and order restitution to the IRS, and a mandatory special assessment of $100.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Karen E. Kelly
Karen E. Kelly
Trial Attorney, U.S. Dept. of Justice

Scott R. Lawson
Trial Attorney, U.S. Dept. of Justice

Dated: December 1, 2005

1445000.1

## CERTIFICATE OF SERVICE

I certify that I am today serving a copy of this pleading on the defendant's attorney, listed below, by fax at fax number (617) 357-0909.

Paul Dee, Esq.

Dated: December 2, 2005

_____
Karen E. Kelly

5

1445000.1

## CERTIFICATE OF SERVICE

I certify that I am today serving a copy of this pleading on the defendant's attorney, listed below, by fax at fax number (617) 357-0909.

Paul Dee, Esq.

Dated: December 2, 2005

_____
Karen E. Kelly